Bell, J.
 

 To solve the problem of whether the defense set forth in the answer in the
 
 Poehls case
 
 is
 
 res judicata
 
 as alleged in the reply, it is necessary to
 
 *609
 
 consider the issues invoíved in the action for mandamus. The petition in that case alleges that on September 1, 1941, she (Louisa M. Poehls) was the holder of a life certificate; that she had been employed in the schools of the city of Youngstown, Ohio, for 35 consecutive years prior to September 1, 1941; that the General Assembly enacted House Bill No. 121 which became effective on September 1,1941 (119 Ohio Laws, 451); and that such house bill amended Section 7690-1, General Code, to read in part as follows:
 

 “A continuing contract shall be a contract which shall remain in full force and effect until the teacher resigns,
 
 elects to retire,
 
 or is retired pursuant to Section 7896-34 of the General Code, or until it is tex’minated or suspexxcled as provided ixx this act axid shall be graxxted oxxly to teachers holclixxg professioxxal, permaxxexxt, or life certificates.” (Italics ours.)
 

 It is alleged that such house bill exxacted Sectioxx 7690-2, General Code, which read ixx pax-t.as follows:
 

 “Provided, however, that on or before September 1, 1941, a continuixxg coxxtract shall be exxtered into by each board of educatioxx with each teacher holding a professioxxal, permaxxexxt, or life certificate who, at the tixxxe of the passage of this act, is completing five or more consecutive years of exnployment by said board.”
 

 It is further alleged that the board of education had failed and refused to exxter ixxto a coxxtinuing contract with her and had failed axxd refused to assign her a place to teach during the school year 1941-1942,
 

 The relief prayed for was that the respondent be ox*dered to exxter into a coxxtixxuing contract with and to re-exxxpioy relatrix as a teacher.
 

 The answer ixx that action dexxied that the relatrix (Louisa M. Poehls) was on the first day of September,. 1941, the holder of a teacher’s professioxxal cex'tifieate or qualified for or exxtitled to a continuixxg coxx
 
 *610
 
 tract of employment. It alleged that prior to September 1, 1941, relatrix made application for and was-granted pension by virtue of the Teachers Retirement Act; that therefore relatrix was not eligible and respondent was without authority to enter into a continuing contract of employment with relatrix. The substance of the respondent’s answer was based upon the-proposition that relatrix had. retired and therefore-was not eligible to demand or receive a continuing-contract.
 

 It will be noted from the quoted provision of Section 7690-1, General Code, that a continuing contract shall remain in full force and effect until the teacher
 
 elects to retire.
 
 If, therefore, the teacher had retired prior to September 2, 1941, she would not have been entitled to a continuing contract. That issue was material and relevant in determining the question of whether she was entitled to prevail in the mandamus action.
 

 In the case of
 
 Norwood
 
 v.
 
 McDonald et al., Admrs.,
 
 142 Ohio St., 299, 52 N. E. (2d), 67, this court held:
 

 “3. A point or a fact which was. actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the-cause of action in the two actions be identical or different ”
 

 The fact that plaintiff (appellee here) had not elected to retire prior to September 2, 1941, having* been actually and directly in issue and adjudicated in the-mandamus action, such issue could not be again drawn in question in the instant action.
 

 We agree with counsel for appellants that plaintiff did not file an unqualified application for retirement
 
 *611
 
 until October 2, 1941, and we have little difficulty in arriving at the conclusion that even then she did not voluntarily elect to retire but what she did was due to actions of the board in wrongfully refusing her a continuing contract and an assignment to teach in the school year 1941-1942. This is clearly evidenced by the letter accompanying the application in which she said:
 

 “I have refused to recognize their [the board] letter asking for my retirement.
 

 “I want my job '* * #.”
 

 Even assuming that on October 2, 1941, she did voluntarily elect to retire, such retirement would not have become effective until the end of that school year, by force of Section 7896-34, General Code, which provides in part as follows:
 

 “Any teacher, except a new entrant with less than five years of service, who has attained sixty years of age may retire, if a member, by filing with the retirement board an application for retirement. The filing of such application shall retire such member as of the end of the school year then current.”
 

 By virtue of the provisions of section 7896-1, General Code, the school year then current commenced on September 1, 1941, and ended on August 31, 1942. Hence, where a teacher, subsequent to September 1, 1941, tiled an application to retire, such retirement became effective on August 31, 1942. Even assuming that plaintiff (appellee here) did voluntarily retire on October 2, 1941, such retirement did not became effective until August 31, 1942.
 

 The. trial court did not err in concluding that plaintiff was entitled to her salary for the school year 1941-1942.
 

 The plaintiff having filed no cross-appeal, the affirmance of the judgment by the Court of Appeals was
 
 *612
 
 correct and its judgment should he and hereby is affirmed.
 

 Judgments affirmed.
 

 WeygandTj, C. J., Zimmerman, Williams, Turner and Hart, JJ., concur.
 

 Matthias, J., not participating.