O. C. THAXTON, T. N. Burton, and Virgil Wood, Appellants,

v.

William VAUGHAN, Mayor, et al., Appellees.

No. 8874.

United States Court of Appeals
Fourth Circuit.

Argued April 2, 1963.

Decided June 6, 1963.

See also, 321 F.2d 480.

Harry Lore, Philadelphia, Pa. (Gilbert M. Cantor, Philadelphia, Pa., on brief), for appellants.

S. Bolling Hobbs, Lynchburg, Va. (Caskie, Frost, Davidson & Watts, and C. Shepherd Nowlin, City Atty., Lynchburg, Va., on brief), for appellees.

Before BOREMAN, BRYAN, and BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

The plaintiffs, three Negro citizens of Lynchburg, Virginia, and its environs, brought an "Omnibus suit" against certain named individuals [1] in the District Court seeking a declaratory judgment and temporary and permanent injunctions restraining the practice of racial segregation in all public facilities of Lynchburg. The institutions specifically mentioned in the complaint included the public swimming pools, the City parks, the Lynchburg Nursing Home, the Lynchburg General Hospital, the City jails, the City cemetery, the City Armory, the City Hall building, and the Municipal, Corporation and Circuit Courts. Motions to dismiss were granted with respect to those portions of the complaint dealing with the various courts operated within the City, and an appeal with respect thereto is now pending before this Court. The Court granted a severance with respect to the action against the Lynchburg General Hospital, an independent corporation, and that action is still pending.

In the course of the proceedings below, the plaintiffs' motion to join the City of Lynchburg as a party defendant was granted. Shortly before the case came on for trial, the Court, after careful consideration, announced that it would dismiss the action as to the City. Upon announcing its decision to dismiss the City as a party to the action, the Court informed the plaintiffs that it would give them leave to make additional parties

---

1. William Vaughan, Mayor; F. K. McKenna, Department of Parks; G. M. Bell, City Treasurer; R. O. Brooks, Chief of Police; Raymond Hogan, Administrator, Lynchburg General Hospital; Judge Earl Wingo, Municipal Court; Judge O. Raymond Cundiff, Corporation Court; Judge C. Burk, Circuit Court; J. Hundley, Department of Health and Welfare.

defendant and would postpone the hearing for that purpose. Counsel for the plaintiffs, however, declined to add additional parties, and the case proceeded to trial. The Court granted declaratory relief indicating that if the City were to reopen its swimming pools they would have to be desegregated, but denied plaintiffs' prayers otherwise. This appeal involves only that portion of the judgment which denied their prayer for declaratory and injunctive relief with respect to the Lynchburg Nursing Home and the City Armory.

## I

We must hold that the Court was justified, on the record before it, in declining to issue an injunction with respect to the operation of the Nursing Home for the reason that the plaintiffs herein do not have standing to obtain the relief they seek. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); McCabe v. Atchison T. & S. Fe Rwy. Co., 235 U.S. 151, 162–164, 35 S.Ct. 69, 59 L.Ed. 169 (1914). The home in question is operated for indigent aged or chronically ill persons. Plaintiffs are neither aged nor chronically ill. There is no evidence in this record that any of the plaintiffs have ever applied for admission to the home on any basis, segregated or unsegregated; there is evidence that they would not be qualified if they did. Nor is there any evidence that they have ever discussed the subject of segregation with any inmate of the home or been asked to represent them. According to the evidence, the only one of the plaintiffs to visit the home was the plaintiff Woods, who as a Minister visited patients and held religious exercises there. Thus, the plaintiffs do not include any member of the class of persons against whom de facto discrimination is alleged to be practiced in the home. The absence of any direct evidence in the record of the attitude of the home inmates is indicative of the inadequacy of the plaintiffs to represent this relatively narrow category within the broad racial group to which they belong. The spurious class action permissible under Rule 23(a) (3) is a procedural device to avoid multiplicity of suits, but care must be taken that the plaintiffs fairly and adequately represent the group for which they purport to speak. Cf. Sam Fox Publishing Co., Inc. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961). Our affirmance of the court's decision is not to be construed as concurring in the court's opinion that the medical reasons adduced by the defendants' doctor, who was in charge of the nursing home, for de facto segregation of his aged and senile patients was sufficient legal reason for denying any of those patients their constitutional right to unsegregated treatment; it is simply to say that in the absence of any member of the affected group the present plaintiffs may not volunteer to represent that group in a spurious class action. While we would recognize that de facto segregation in a public nursing home injured the rights of the plaintiffs as a race, we think that the court could properly decline to grant relief here. It may be that the members of this particular limited group under the circumstances were voluntarily accepting segregation because their advanced age and senility inclined them more to the peace and tranquility which comes with the passive acceptance of old and accustomed injustices than the disturbances which come with challenges to those in power who have abused them. There is nothing to show that, if they wished to alter conditions, there was anything to prevent their bringing suit themselves, or seeking the intervention of others in their behalf. No explanation appears in the record for not joining a single member of the group whose rights were to be affected. In the absence of their proper and effectual representation among the plaintiffs in this case, there was no factual basis for *any* decision on the matter—either that segregation was medically justified under these circumstances—or that the inmates of the institution were voluntarily segregated or that they were involuntarily segregated. For these reasons we feel compelled to

uphold the court's refusal to take any action with respect to the nursing home.

## II

■ Plaintiffs also seek to eliminate segregation of the races in the use of the Lynchburg City Armory. Having personally been subjected to this discrimination, no question of their standing to seek relief exists. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). However, the trial court refused to grant the injunctive and declaratory relief requested, as he found before him insufficient defendants to make the order effective.

The sole party defendant before the court with relation to the City Armory was the City Mayor. As indicated by the trial court, the City of Lynchburg is governed under the City Manager system. When the Armory is not being used by the National Guard the City Manager, not a party here, has immediate control over it, subject to ultimate control by the City Council. Code of Virginia (1950), Secs. 15–434—15–440. The City Mayor is merely the member of the Council chosen by the Councilmen to chair their meetings. Code of Virginia (1950) Sec. 15–434. He does not, acting alone, have the authority either to make or enforce policy decisions of the Council. Code of Virginia (1950) Sec. 15–434.

Having recognized this difficulty, the trial court, before the trial began, offered to grant a continuance to give the plaintiffs an opportunity to bring in further parties. This the plaintiffs refused to do.

■■ On this appeal the plaintiffs assert that the trial court was in error in refusing to grant relief. It is asserted that no additional defendants need have been joined by them in order to make a judgment effective since: 1) additional parties were not either necessary or indispensable under Fed.R.Civ.P. 19(b), and if they were, the trial judge should have joined them *sua sponte* under Fed. R.Civ.P. 19(b) and 21,[2] 2) the Mayor could have been treated as a representative of the rest of the Councilmen in a class action under Fed.R.Civ.P. 23(a) (3), 3) the Councilmen, even if not parties to the action, would be bound by an injunctive order as "persons in active concert or participation" within the meaning of Fed.R.Civ.P. 65(d), 4) the Mayor could have been treated as a representative of the City or the Council so that the City or the Council would be bound as public bodies, and 5), the participation of the City Manager and other City officials as witnesses and attorneys for the defendants was sufficient to bind them by the judgment as if they technically were parties. We hold that none of these theories is applicable to the instant case and that absent the joinder of additional parties, the court was correct in refusing to grant the relief requested.

1) We are of the opinion that these parties fall, at the least, within the scope of rule 19(b) as "persons who * * * ought to be parties if complete relief is to be accorded between those already parties * * *." As he has no authority to act alone, a decree entered solely against the City Mayor would not have

2. Fed.R.Civ.P. 19(b) provides:
"When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service

of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."
Fed.R.Civ.P. 21 provides: ·
"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * *"

the effect of granting complete or even effective relief to the plaintiffs. The relief requested by the plaintiffs could not possibly be granted effectively in the absence of either the City or the Council, or other appropriate defendants, and a court, particularly in an equity action, ought not grant relief against a public official unless its order will be effective. Cf. Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068 (1924); Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411 (1925); Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95 (1947); Ceballos v. Shaughnessy, 352 U.S. 599, 603–604, 77 S.Ct. 545, 1 L.Ed. 2d 583 (1957); Cf. 28 Am.Jur., Injunctions Sec. 37,262.

■ We need not decide whether or not the trial court had a duty, in the teeth of the plaintiffs' refusal to act and their insistent denial of the necessity of joinder, to join the additional defendants on its own volition. It is a now moot point, since, whatever the reasons, the necessary parties were not joined in the action, and no effective decree may now be entered in their absence. If the court had denied the plaintiffs the opportunity to join the other members of the Council and the City Manager, we would have a different case. The court freely granted leave to join these officials, and the plaintiffs could readily have complied with the court's entirely reasonable suggestion. They would then have been in position to insist that the case proceed without delay, as doubtless it would have, all of the officials and their counsel being present in court.

■ 2) Nor do we feel that this is a proper case for treating the Mayor as representative of a class including the other Council members under Fed.R.Civ. P. 23(a) (3). Aside from the fact that the plaintiffs never asserted such a claim below there is no showing, as required by that rule, that the parties necessary to be joined as defendants are so numerous as to make joinder impracticable. The Record indicates that there are seven Councilmen. Clearly, their number is not sufficient to make joinder of all impracticable. Matthies v. Seymour Mfg. Co., 270 F.2d 365 (2 Cir. 1959), reconsideration denied, 271 F.2d 740 (2 Cir. 1959), Cert. denied, 361 U.S. 962, 80 S.Ct. 591, 4 L.Ed.2d 554 (1960); 2 Barron & Holtzoff, Federal Practice & Procedure, Sec. 562.4 (Rules Edition 1961).

■ 3) Plaintiffs contend that this is one of those special cases where nonparties are bound by a judgment. They point to Fed.R.Civ.P. 65(d) [3] and assert that the other members of the City Council will be bound by an injunction against the Mayor as persons acting in "concert or participation" with him. This position is untenable. The members of the City Council must exercise their individual judgment and discretion when they act, decide, and vote as members. Action as an alter ego, or in collusion, is required to find concert or participation under rule 65(d). United Pharmacal Corp. v. United States, 306 F.2d 515 (1 Cir. 1962); Swetland v. Curry, 188 F.2d 841 (6 Cir. 1951); Kean v. Hurley, 179 F.2d 888 (8 Cir. 1950); Alemite Mfg. Corp. v. Staff, 42 F.2d 832 (2 Cir. 1930), opinion by L. Hand. 4) Plaintiff further asserts that the representative position of the Mayor is such that the City and the City Council would be bound by a decision in the action, and that, therefore, a decree should have been issued. This issue involves the possibility of binding public bodies rather than the public officials as individuals.

It is, however, apparent that at least after the dismissal of the City as a party, the Mayor was treated in his individual capacity, rather than as a representative of the City or the City Council. It has been made clear that a suit against a public official in his individual capacity,

---

3. Fed.R.Civ.P. 65(d) provides:
"Every order granting an injunction * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

to redress personal grievances against him, does not justify the court in entering an order binding on the governmental body of which he is an official. Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15 (1950); Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); United States v. Nunnally Investment Co., 316 U.S. 258, 62 S.Ct. 1064, 86 L.Ed. 1455 (1942); United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941); Stone v. Interstate Natural Gas Co., 103 F.2d 544 (5 Cir. 1939), Affirmed 308 U.S. 522, 60 S.Ct. 292, 84 L.Ed. 442 (1939); Cf. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962).

5) Finally, the participation of the City Attorney and the participation of the City Manager and other public officials as witnesses would not be sufficient to bind them to the judgment. Principles of Res Judicata indicate that where a nonparty, having the right to do so, effectively controls the action, he may be bound by the result. Restatement, Judgments, Sec. 84 (1942); Developments in the Law—Res Judicata, 65 Harv.L.Rev 818, 856–57 (1952).

However, mere appearance as a witness, or the supplying of an attorney, does not accomplish the same result. Restatement, Judgments Sec. 84, comment (e) & (f) (1942); Developments in the Law—Res Judicata, supra; Drummond v. United States, 324 U.S. 316, 65 S.Ct. 659, 89 L.Ed. 969 (1945); Cf. Brown v. Wright, 137 F.2d 484 (4 Cir. 1943).

We conclude that in the posture of the case at the time that the final order was entered below, the District Court did not abuse its discretion in refusing to grant an injunction and declaratory judgment as to the City Armory.

The plaintiffs insist, and perhaps rightly so, that nothing is to be gained by a new trial as to the Armory except delay, since the violation of constitutional rights is clear. Nevertheless in the absence of an appropriate procedural setting in which these other parties might be bound, the trial court was correct in refusing to grant the requested relief. It is, however, beyond question that, if the plaintiffs' allegations are accurate, they are entitled to the relief they seek. Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962); Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958); Gantt v. Clemson Agricultural College, 320 F.2d 611 (4 Cir. 1963); City of Greensboro v. Simkins, 246 F.2d 425 (4 Cir. 1957); Dawson v. Mayor and City Council of Baltimore City, 220 F.2d 386 (4 Cir. 1955), Affirmed 350 U.S. 877, 76 S.Ct. 133, 100 L.Ed. 774 (1955). The record does not indicate much dispute that the allegations are correct. Therefore, it may very well be that upon the reinstitution of proceedings before the trial court, summary judgment under Fed.R.Civ.P. 56 would prove appropriate and would prevent an expenditure of excessive time and effort. Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962).

## III

The question involved in the dismissal of the City of Lynchburg is not before us. 4 Cir.R. 10(8). We find that in the posture of the case before it, the trial court was correct in refusing to grant relief as to the City Armory. We have also found that in the light of the failure of appropriate party plaintiffs, the trial court was correct in refusing to grant relief as to the Nursing Home. We, therefore, affirm the judgment below.

Affirmed.