Donald E. SUMMERS, Plaintiff,

v.

The PENN CENTRAL TRANSPORTATION CO., Defendant.

No. 3917.

United States District Court,
S. D. Ohio, W. D.

June 15, 1981.

Robert A. Dougherty, Dayton, Ohio, for plaintiff.

W. Lynn Swinger, Sidney, Ohio, for defendant.

## DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; FURTHER PROCEDURES SUGGESTED OF DEFENDANT'S COUNSEL TO PRESERVE ISSUE FOR APPEAL; CONFERENCE CALL SET

RICE, District Judge.

The captioned cause came on to be heard upon the motion of the Defendant herein, seeking an order of the Court granting summary judgment in its favor, upon the ground that the Plaintiff's motion is barred by the doctrine of collateral estoppel.

▪ Due to the failure of either party to properly authenticate its documents supporting its memorandum, either in support of or in opposition to the aforementioned motion, in the manner as required by Federal Rules of Civil Procedure 56(c), by certifying the Court documents attached to the memoranda and by submitting an affidavit setting forth the limited extent of the Plaintiff's participation in the trial held in the Shelby County Court of Common Pleas, the Defendant's motion must be, and hereby is, overruled in its entirety. A motion for summary judgment, unsupported by Rule 56 materials, is nothing more, in legal effect, than a motion for judgment upon the pleadings. Construing the Defendant's motion as such, a review of the Plaintiff's complaint does not establish, as a matter of law, that the Plaintiff is not entitled to relief in this Court.

The Court will, however, give the Defendant fourteen days from date of receipt of notice of this decision in which to resubmit the documents previously submitted to this Court, in support of its motion for summary judgment, in a form properly authenticated pursuant to Federal Rules of Civil Procedure 56. Since it will not be a difficult task to obtain a proper certification of Court documents and an affidavit setting forth the limited nature of the Plaintiff's participation in the earlier trial in the Shelby County Court of Common Pleas, this Court will assume, herein, that properly authenticated documents, in Rule 56 terms, would be presented to it in the near future. Therefore, the Court will proceed to rule upon the merits of the Plaintiff's motion for summary judgment, as if those documents were properly before the Court at the present time.

## A. THE FACTS

Based upon the documents attached to the memoranda filed in support of the Defendant's motion for summary judgment, and the statements contained in said memoranda, the apparently undisputed facts are as follows:

1. On December 27, 1968, the Plaintiff, operating within the scope and course of his employment as a truck driver for the Coy Distributing Company (formerly G&L Transportation Company), was involved in a collision with one of the Defendant's trains, at a railroad crossing in Shelby County, Ohio, which collision caused certain property damage to the truck and certain damages and injuries to the driver of said truck, the Plaintiff herein.

2. On December 29, 1969, the Plaintiff's employer, the trucking company, filed suit for property damages to its truck in the Common Pleas Court of Shelby County, Ohio.

3. An attempt was made to remove the case from the Shelby County Court of Common Pleas, to the United States District Court for the Southern District of Ohio. In the petition for removal

filed by the Defendant on October 20, 1970, Defendants' counsel made reference to the personal injury suit filed by the Plaintiff herein which was then pending in the United States District Court. While not specifically spelled out, it is clear that Defendants' attorney wished to have the property damage case removed to Federal Court and consolidated with the personal injury lawsuit then pending in that Court.

On February 9, 1971, Chief Judge Carl A. Weinman remanded the property damage lawsuit to the Court of Common Pleas of Shelby County, Ohio, for the reason that the amount sought in the property damage complaint ($6,089.67) was clearly below the requisite jurisdictional amount necessary for Federal Court jurisdiction.

4. The complaint in the captioned cause (a suit for personal injuries and damages) was filed on September 17, 1970. An amended complaint followed one week later.

5. A motion was filed, in July, 1970, in the Shelby County Court of Common Pleas case, prior to the attempt to remove same to the United States District Court, which sought to join the injured truck driver (the Plaintiff herein) as an involuntary plaintiff in that action. This motion to join the injured truck driver was made for the following reason:

"Donald E. Summers was the agent or employee of Plaintiff G&L (formerly Coy) [the Plaintiff in the property damage action] who was operating the truck damaged in the accident. According to Defendant's records and reports Summers was injured in the collision and will in all probability make a claim against Defendant for his personal injuries."

The motion was, in short, an attempt to avoid multiple litigation. That motion was never ruled upon by the Shelby County Court of Common Pleas, although a motion to dismiss the Defendant's motion was filed by the trucking company Plaintiff upon the ground that the injured truck driver had, by that time, filed his personal injury action in the United States District Court.

6. The property damage action went to trial in the Court of Common Pleas of Shelby County, Ohio, before a judge sitting as the trier of fact. At that trial, the truck driver participated only as a witness for the Plaintiff, his employer. It does not appear that the truck driver exercised any control and/or direction over the trial, itself, or during its pretrial stages. Following the trial, Judge Howard Eley, stated, in a decision filed on July 14, 1972, that, *inter alia*, "The Plaintiff was contributorily negligent which contributed proximately to its own loss." Since the corporate Plaintiff in the property damage lawsuit operated only through its truck driver, said decision by Judge Eley is tantamount to a finding that the driver of the truck, the Plaintiff herein, was contributorily negligent, directly and proximately contributing to the collision and to property damage to the truck. Judge Eley's decision was journalized by a Judgment Entry filed on July 20, 1972.

## B. THE ISSUE

Does a finding in a property damage suit that the Plaintiff's employee, through whom the Plaintiff operated during the events in question, was contributorily negligent, directly and proximately contributing to a collision and the property loss, operate to bar, in res judicata grounds, the employee's later suit for personal injuries and damages in another Court, when said employee had no input into, or direction and control over, the earlier property damage litigation, his sole role being that of a witness for his then employer?

For the reasons set forth below, this Court answers this question in the negative.

## C. THE LAW

Although the Defendant has phrased his motion in terms of collateral estoppel (issue

preclusion), it is clear that said motion should be advanced under the doctrine of res judicata (claim preclusion).

The law of Ohio with reference to res judicata (the confusion between res judicata and collateral estoppel is endemic in the reported decisions) may be stated as follows:

> "Where a fact essential to the judgment is actually litigated and determined by a valid final judgment, the determination is deemed conclusive between parties [or their privies] in a subsequent action on the same fact or issue in a different cause of action. This precludes relitigation as the parties and their privies are bound." 32 O.Jur.2d *Judgments*, § 183 (*Poehls v. Young*, 144 Ohio St. 604, 60 N.E.2d 316 (1945).

> "One, though not a nominal party to a prior action and prior judgment, may be so connected with that previous case by his interest in the results and his active participation in the case so as to be bound. The record must show such participation and assistance." 32 O.Jur.2d *Judgments*, § 245; *Whitehead v. General Telephone Company*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969).

> "Public policy requires and the public interest is served in preventing one from being vexed by relitigation." 32 O.Jur.2d *Judgments* § 182

## D. DISCUSSION

The doctrine of collateral estoppel/res judicata has evolved in an attempt to resolve the conflicting policies of prohibiting the relitigation of issues which have been previously determined by a court of law and of granting each injured person his day in Court.

The captioned cause is before this Court pursuant to its diversity jurisdiction. Therefore, the law of the forum, Ohio, will be applied.

■ Under Ohio law, it is clear that the Plaintiff herein, the employee of the Plaintiff in the Shelby County Court of Common Pleas case, is neither a "party" nor in privi-

ty with said party, such as to make him bound by the prior action. *Quinn v. State, ex rel. Leroy*, 118 Ohio St. 48, 160 N.E. 453 (1928); *the State of Ohio v. Tin and Japan Company*, 66 Ohio St. 182, 64 N.E. 68 (1902); *Restatement of Judgments*, § 83–111 (Tentative Draft # 2, 1975); *Thaxton v. Vaughan*, 321 F.2d 474 (4th Cir. 1963). Based upon the facts set forth above, it is clear that the Plaintiff herein could not be a "party" in that he was not directly interested (in the financial sense) in the subject matter of the prior lawsuit, the case was not brought in his behalf, he did not control the proceedings, he did not have the right to examine and cross-examine witnesses and to appeal from the judgment. The Plaintiff's prior role as a witness to the property damage lawsuit does not, in and of itself, give him sufficient control over the proceedings to render him a "party" to that prior suit. His employer's prior litigation for property damage to the truck is not sufficiently allied to the Plaintiff's claim for personal injuries so as to make the Plaintiff a party in interest in the former litigation. Participation as a witness is insufficient to establish control or privity. *Thaxton v. Vaughan, supra.*

■ Recent Ohio Supreme Court decisions on the question of "privity" have declined to expand the definition of that term. The existing Ohio requirement that there be an identity of parties or their privies is founded upon the "sound principle that all persons are entitled to their day in Court." *Whitehead v. General Telephone Company, supra,* at 116, 254 N.E.2d 10. Privity does not, of necessity, exist in the employer-employee relationship. *Pesce v. Brecher*, 302 Mass. 211, 19 N.E.2d 36 (1939); *Makariw v. Rinard*, 336 F.2d 333 (3rd Cir. 1964) at 336 in which the Third Circuit concluded that:

> "The decisional law and the Restatement are in accord that an employee who has not been a party to a suit brought against his employer is not bound by a final determination in such a suit, although the cause of action arises out of the employee's negligence, because he has not 'had his day in Court.'" 336 F.2d at 336.

*See also* cases cited in Plaintiff's memorandum contra the Defendant's motion for summary judgment; *see also Schimke v. Earley,* 173 Ohio St. 521, 184 N.E.2d 209 (1962) (concurring opinion). 31 A.L.R. 194; 133 A.L.R. 181, 182, 196; 23 A.L.R.2d 710, 731; 30A American Jurisprudence 480 § 429.

Because the Plaintiff herein was neither a party to nor in privity with one who was a party in the prior litigation, and because the Court feels that to allow the use of collateral estoppel/res judicata to preclude litigation of the Plaintiff's claim, without his ever having had his day in Court, would be contra to both law and fundamental fairness, in that the doctrine would be used offensively against one not a party to that prior action, this Court deems said doctrine to not be applicable herein and the Court would, accordingly, upon proper documentation as referred to above and below, overrule the Defendant's motion for summary judgment.

### E. FURTHER PROCEDURES SUGGESTED OF DEFENDANT

As set forth above, this Court would direct Defendant's counsel to properly authenticate his statements and documents, in a form proper under Federal Rules of Civil Procedure 56, within fourteen days from date of receipt of notice of this decision. Should the Defendant be puzzled as to what benefit could accrue to his client in authenticating documents as suggested herein, when the result is already foreordained (the motion for summary judgment will be denied), this Court could only suggest that the proper authentication of the supporting facts and documents will put the case in a position where the Defendant will have perfected his record for possible appeal should that later become either necessary or desirable.

### F. CONFERENCE CALL SET

Counsel listed below will take note that a conference call will be had, in the nature of a pretrial conference, at 8:40 a. m. on Friday, June 19, 1981, for the purpose of set-

ting a trial date, final pretrial conference, discovery cut off date, etc. This conference will be had by conference call telephone communication.