In re Terrance J. ROGERS, Debtor.

Gregory N. DEAN, Plaintiff,

v.

Terrance J. ROGERS, Defendant.

Bankruptcy No. 95–11707.
Adv. No. 95–1533.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Nov. 21, 1995.

Lori A. Mills, Cook & Davis Co., L.P.A., Akron, OH, for Plaintiff.

Thomas C. Pavlik, Cleveland, OH, for Defendant.

### *ORDER OF TRANSFER*

RANDOLPH BAXTER, Bankruptcy Judge.

In this adversary proceeding the Plaintiff, Gregory N. Dean, seeks a dischargeability determination regarding a certain damage award issued in his favor in a prepetition state court judgment. Following preliminary examination of the evidence submitted in this matter and an examination of the record, generally, the above-styled adversary proceeding is hereby transferred to the district court for adjudication of the underlying personal injury action.

Plaintiff Dean was awarded a default judgment in the amount of Twenty Thousand Dollars ($20,000.00) by the Summit County Court of Common Pleas, following Terrance J. Roger's (the Debtor) failure to appear and defend his case in addition to Roger's failure

to obey that Court's order regarding pretrial attendance and procedure.[1] Upon the filing of the Debtor's voluntary petition for relief under Chapter 7, said judgment was listed among the Debtor's scheduled debts as a nonpriority unsecured claim. (*See* Schedule F, p. 4). Thereupon, this proceeding ensued.

Dean seeks to have the subject debt found nondischargeable pursuant to provisions of § 523(a)(6) of the Bankruptcy Code [11 U.S.C. 523(a)(6)], contending that the judgment suit was based upon "assault and battery, a willful and malicious injury." (*See* Complaint, filed June 8, 1995).[2] Admitting that the judgment had not been paid, the Debtor filed a general denial to the several complaint allegations.

Under § 523(a)(6) of the Code, the following is noted, in part:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—

… (6) for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. 523(a)(6).

As stated in § 523(a)(6), any finding of nondischargeability premised upon that provision must (1) reflect a willful and malicious injury and (2) be directed to another entity or to such entity's property. The burden of proof in this matter is upon the party seeking nondischargeability and must be met by a preponderance of the evidence standard. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Thusly, it is incumbent for the Plaintiff, herein, to meet such standard of proof.

The pleadings submitted to this Court prior to trial did not apprise this Court of the nature of the underlying suit. The state court judgment, attached to the complaint filed in this adversary proceeding, expressly provided, *inter alia*, that the judgment, effectively, was a default judgment, as "Defendant had failed to appear and defend his case and failed to obey the Court's Order as to pre-trial attendance and procedure." The same judgment further indicates that the judgment was entered following a scheduled pretrial hearing wherein the defendant Debtor failed to appear. By virtue of its default nature, said judgment expresses no specific finding or conclusions relative to maliciousness or willfulness.

During the course of the preliminary evidentiary hearing convened in this adversary proceeding, only two witnesses were called by the respective parties—the Plaintiff Dean and the Defendant Debtor. In brief, their respective testimonies revealed that a verbal and physical altercation occurred on or about March 7, 1987. Thusly, the judgment entry awarded plaintiff by the state court reflected damages for physical bodily injury incurred by him in such altercation. In essence, this adversary proceeding is in the nature of a personal injury suit.

After hearing testimony, the Court sought and obtained a copy of the complaint filed in the state court action. An examination of that complaint does not allege that any conduct attributed to the Debtor was made in a willful or malicious manner.[3] Necessarily, those two elements must be the subject of specific findings found in a state court judgment before nondischargeability can be adjudged under § 523(a)(6) by the bankruptcy court. As stated above, the state court's basis for its default judgment was based upon the Debtor's failure to prosecute his defense in the matter, along with non-attendance at a scheduled pretrial hearing. Accordingly, no trial on the matter ever occurred to elicit more definite findings.

Title 28 U.S.C. § 1334(a) provides:

Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

Title 28 U.S.C. § 1334(a) states that:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or

---

1. *Gregory N. Dean v. Terry Rogers*, Case No. CV87–0687, Common Pleas Court, Summit County, Judgment Entry, May 11, 1987.

2. Complaint, Exhibit A, Judgment Entry.

3. Complaint, Case No. CV87–0687, Common Pleas Court, Summit County.

courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

▮ Under 28 U.S.C. 157(a), district courts may refer any or all proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy court. Title 28 U.S.C. § 157(b)(1) permits bankruptcy judges to hear, determine and enter appropriate orders and judgments in such proceedings. Section 157(b)(5), however, specifically excludes personal injury tort and wrongful death claims from the bankruptcy court's jurisdiction. Such matters "shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. 157(b)(5).

▮ As occurred herein, debtors are frequently saddled with judgments based upon personal injury judgments. Creditors often initiate adversary proceedings in the Bankruptcy Court in an attempt to preserve their judgment against the debtor. If the personal injury judgment has a preclusive effect, the Bankruptcy Court may pass on the dischargeability of the judgment without trying the merits of the personal injury action. If the personal injury judgment does not have a preclusive effect, as occurred herein, the merits of the personal injury action must be determined prior to determining the dischargeability thereof. Accordingly, such an action must be tried in the district court pursuant to 28 U.S.C. 157(b)(5).

▮ The personal injury judgment at issue in this matter was obtained through default. Although neither party moved for judgment based upon collateral estoppel, the Court undertook such an analysis pursuant to its authority under 11 U.S.C. 105.

▮ It is well settled that the doctrine of collateral estoppel applies in dischargeability actions under 11 U.S.C. 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). To determine whether a state court judgment will have a preclusive effect, one must first analyze the application of the full faith and credit statute [28 U.S.C. 1738] which establishes that "judicial proceedings [of any court of any state] shall gave the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken." 28 U.S.C. 1738. Generally, a federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). "Bankruptcy courts' exclusive jurisdiction over dischargeability issues does not alter this rule." *Rally Hill Productions, Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir.1995), citing, *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985).[4]

This Circuit, in *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981), stated a bright line test for the applicability of the doctrine of collateral estoppel in the context of bankruptcy proceedings. Therein, the Court held that "[c]ollateral estoppel requires that the precise issue raised in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and the determination was necessary to the outcome." *Spilman, supra*, at 228. The 6th Circuit, recently, has questioned the *Spilman* decision because of its apparent lack of

---

**4.** Although most dischargeability actions share concurrent jurisdiction with state courts, dischargeability actions under § 523(a)(2), (4) and (6) fall within the exclusive jurisdiction of the Bankruptcy Court. *In re Carter*, 156 B.R. 768, 772 (Bankr.E.D.Va.1993), citing, *Brown v. Felsen*, 442 U.S. 127, 138, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979); *In re David*, 106 B.R. 126, 130 n. 7 (Bankr.E.D.Mich.1989) (where a creditor brings suit against the debtor after discharge, the question of whether the debt falls into a statutory exception to discharge is ordinarily to be resolved by the local court in which the suit to recover the debt was initiated. *Accord In re Banks–Davis*, 148 B.R. 810, 813 (Bankr.E.D.Va. 1992); *In re Mendiola*, 99 B.R. 864 (Bankr. N.D.Ill.1989); Bankr.R. 4007(b) Advisory Committee Note (1983).

adherence to the full faith and credit statute and its failure to state a reason for taking exception to that statute. *See, In re Bursack, supra,* at 53. The *Bursack* Court opined that the full faith and credit statute ought to be adhered to in application of collateral estoppel in bankruptcy proceedings. *Id.*

The result of the *Bursack* opinion is that this Court must look to the laws of Ohio regarding application of the doctrine of collateral estoppel. The Supreme Court of Ohio has determined that:

> [c]ollateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.

*Thompson v. Wing,* 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994).

The Ohio courts have not expanded on what constitutes "actual and direct litigation." The *Bursack* case, although dealing with Tennessee law, required the 6th Circuit to interpret the term "actually litigated." Therein, the Court determined that the party's actions in retaining counsel, filing an answer, asserting cross claims and participating in discovery, including submitting to two depositions, constituted actual litigation. Thusly, the party's decision not to appear at the trial did not undo his earlier active participation in the litigation. The jury heard evidence on fraud and rendered a verdict against Bursack. The 6th Circuit upheld the bankruptcy court's decision to collaterally estop Bursack from retrying the issues subject to the state court judgment.

In the matter at bar, there was no evidence that Rogers participated at any level in the underlying state court action. Accordingly, the requirements for applying collateral estoppel under the laws of the State of Ohio have not been met, and collateral estoppel cannot apply. Thusly, the merits of this personal injury action must be tried to the proper forum before a determination as to dischargeability under § 523(a)(6) can be made. Pursuant to 28 U.S.C. 157(b)(5), the above-styled adversary proceeding is hereby transferred to the District Court for further determination.

IT IS SO ORDERED.

### JUDGMENT

A Memorandum of Opinion and Order having been rendered by the Court in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that pursuant to 28 U.S.C. 157(b)(5), this adversary proceeding is transferred to the District Court for further determination.