**In re Christopher R. PAGE, Debtor.**

**Roger G. HAYDUK, Jr., Plaintiff,**

v.

**Christopher R. PAGE, Defendant.**

**Bankruptcy No. 95–14855.**
**Adversary No. 96–1045.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

June 13, 1996.

Thomas B. Bralliar, Jr., Cleveland, Ohio, for Plaintiff.

James M. Lawniczak, Calfee, Halter & Griswold, Cleveland, Ohio, for Defendant.

*MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

This case is before the Court on the Plaintiff's Motion for Summary Judgment, the Defendant's Brief in Opposition, and the Plaintiff's Reply thereto. Plaintiff sustained injuries in a fight with Defendant. He obtained a judgment in the Barnstable Massachusetts Superior Court in the amount of $50,000.00. Plaintiff seeks to obtain a ruling from this Court that said judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

This Court has core jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(2)(I) and (*O* ).

Title 11 U.S.C. § 523(a)(6) provides:

[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt ...

*    *    *    *    *    *

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity ...

11 U.S.C. § 523(a)(6).

■ Bankruptcy Rule 7056 incorporates Rule 56, F.R.C.P. Thereunder, movant may obtain summary judgment if he is able to show that there is no material issue of fact and that he is entitled to judgment as a matter of law. In so doing, the movant must comply with Rule 56(c), F.R.C.P, requiring the movant to establish facts by reference to the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ..." *Summers v. Penn Central Transportation Co.,* 518 F.Supp. 864 (S.D.Ohio 1981); Rule 56(c), F.R.C.P. The applicable standard of proof in nondischargeability actions is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ In this case, both parties rely upon the transcript from the state court trial of this matter to establish the existence, or nonexistence, of a genuine issue of material fact. Transcripts from other trials is not specifically set forth in Rule 56(c) as permissible evidence to be considered by the Court. Case law, however, supports consideration of such document. In *Kelley v. Price–Macemon, Inc.,* 992 F.2d 1408, 1415 n. 12 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 688, 126 L.Ed.2d 656 (1994), the Court addresses this precise issue. It holds that if a certified copy of the transcript is filed, it is properly before the Court for consideration pursuant to Rule 56(c). In fact, it is a "well-settled" rule that the court may rely on such records in determining Rule 56(c) motions. *Id.* Here, a certified copy of the transcript is on file. Further, Defendant has submitted an affidavit, which document is properly before the Court pursuant to Rule 56(c). The trial transcript and the affidavit are properly before the Court for consideration.

Plaintiff submits that Defendant is collaterally estopped from challenging the allegations of the adversary complaint as the elements of the § 523(a)(6) cause of action were conclusively established by the state court judgment. The case was tried before a jury in the Barnstable Massachusetts Superior Court. The jury returned a general verdict in favor of Plaintiff for $80,000.00. After remittitur, the judgment against Defendant was reduced to $50,000.00. Defendant responds that the Massachusetts jury was not asked to address the issue of maliciousness, that the judgment makes no such findings and, thus, collateral estoppel does not lie. Assuming *arguendo* that collateral estoppel does not apply, Defendant argues that there is a material issue of fact as to whether Defendant acted maliciously thereby precluding summary judgment.

This Court must first address the collateral estoppel issue as a finding there may be dispositive of the case. Moreover, in the event collateral estoppel does not lie, this Court is faced with hearing a personal injury action. Such a determination is not within this Court's grant of jurisdiction and the adversary proceeding would, at that point, be transferred to the District Court. *See In re Rogers,* 189 B.R. 136 (Bankr.N.D.Ohio 1995); 28 U.S.C. § 157(b)(5).

■ In *Grogan v. Garner, supra,* the United States Supreme Court made clear that the doctrine of collateral estoppel applies in bankruptcy to bar the relitigation of factual or legal issues that were determined in a prior state court action. The Sixth Circuit has recently addressed the requirements that must be met in order to apply the doctrine. In *Rally Hill Productions, Inc. v. Bursack (In re Bursack),* 65 F.3d 51 (6th Cir.1995), the Court ruled that the full faith and credit statute, 28 U.S.C. § 1738, must be honored in when applying collateral estoppel. *Id.* at 53. Accordingly, a federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Id.* The applicable law would, in this case, be that of the state of Massachusetts. Thereunder, collateral estoppel applies if the subject factual or legal

issue was the product of full litigation, directly determined and essential to any ultimate finding, judgment or resolution of the case. *See Miles v. Aetna Casualty & Surety Co.*, 412 Mass. 424, 426–27, 589 N.E.2d 314 (1992); *Fidler v. E.M. Parker, Co.*, 394 Mass. 534, 539, 476 N.E.2d 595 (1985); *Home Owners Fed. Sav. & Loan Assoc. v. Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455, 238 N.E.2d 55 (1968). "In order for the doctrine of collateral estoppel to be applicable, the issue decided in the prior adjudication must be identical to the issue in the current action, the issue decided must have been a final judgment on the merits, and the party against whom the doctrine is asserted must have been a party or in privity with the party to the earlier adjudication." *Massachusetts Property Ins. Underwriting Assoc. v. Norrington*, 395 Mass. 751, 753, 481 N.E.2d 1364 (1985).

The parties to this adversary proceeding were parties to the state court lawsuit. Further, a full trial proceeding was had before a jury. The contention of the parties is whether the elements of this § 523(a)(6) cause of action are identical to those actually litigated and decided in the state court trial.

■ The elements of a § 523(a)(6) action are willfulness and maliciousness. 11 U.S.C. § 523(a)(6). Maliciousness requires a showing of "conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986). "Willful means deliberate or intentional." *Id.* at 615, *citing* S.Rept. No. 95–989, 95th Cong.2d Sess. (1978) reprinted in 1978 U.S.Code Cong. & Ad.New 5787, 5865; H.Rept. No. 95–595, 95th Cong. 1st Sess. (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6320. *Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987), *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). "Mere reckless disregard ... is not a willful and malicious injury for purposes of § 523(a)(6)." *Id.*

■ The underlying complaint in the state court action alleged assault and battery. The judge's instructions to the jury on those charges read as follows:

Assault is a legal term meaning putting in fear. A battery, what we're talking about here, is the unjustified, nonconsensual, nonaccidental touching of another. That's all a battery is. Now, there's no evidence here of consent, there's no evidence here that it was accidental. So if you find, if you find the plaintiff has proved to you by a fair preponderance of the evidence that [n]either [sic] Mr. Page or Mr. Baxter touched the plaintiff Mr. Robert Hayduk under these circumstances, that would constitute a battery. That's all it means. It's the unjustified, nonconsensual, nonaccidental touching of another. Either intentionally or by wanton and reckless conduct, that's what I mean by nonaccidental.

Trial Transcript (Tr.) at p. 319–20.

This Court agrees with the Defendant's assertion that the jury instructions are not determinative of the "willfulness" element because they permit a verdict against Defendant if the jury found either intent or wanton and reckless conduct. Reckless conduct, as discussed *supra*, is insufficient to meet § 523(a)(6)'s willfulness requirement. Other factors, however, permit a finding that Defendant is collaterally estopped from relitigating the willfulness element. The complaint in the state court action alleges "intentional and unjustified" conduct. *See* State Court Complaint at paragraph 8 (attached as an exhibit to the adversary complaint). Nowhere in the State Court Complaint is there an allegation that the actions of Defendant were reckless, wanton, or anything less than intentional. The jury found in favor of Plaintiff on the State Court Complaint. There is no question that the jury found Defendant's conduct intentional. Thus, the "willfulness" element of § 523(a)(6) was actually litigated and decided in the state court action.

■ The Sixth Circuit's opinion in *In re Pitner*, 696 F.2d 447 (6th Cir.1982) is instructive with regard to the maliciousness issue. *Pitner* involved a state court wrongful death action. Defendant/debtor shot and killed plaintiff. The complaint in the state court action alleged "willful and malicious" conduct. A general verdict was entered. The Sixth

Circuit found the lower courts in error for not applying collateral estoppel in the § 523(a)(6) action. The allegation in the complaint, coupled with the general verdict, satisfied the "willful" element. With respect to the "maliciousness" element, the Court quoted with approval the District Court opinion wherein it said:

Although ill-will or malevolence may not be an essential element of all assault and battery cases it was an unavoidable element in this particular assault and battery. The civil jury found that defendant deliberately pointed a gun at plaintiff's decedent and fired it. The jury further found that the shooting was not in self-defense. These conclusions are inescapable in the jury's verdict for the plaintiff. These findings of fact by a civil jury may not be relitigated, particularly between the same parties, in Bankruptcy Court. The deliberate shooting of another human being, not done in self-defense, is a malicious act in every sense of the word. One does not fire a pistol at another person without intending to kill or seriously injure him. An unjustified intent to kill or seriously injure someone reflects ill-will. The fact that defendant's action was legally characterized as an assault and battery does not denigrate the malicious nature of the particular act this particular defendant was found to have committed. The Court does not say that all assault and battery cases involve "willful and malicious injury" under Section 523, although there is support for that proposition in Tennessee and elsewhere. But in this particular case, involving an intentional, unjustified shooting, the element of maliciousness is unavoidably found in the jury's verdict.

*In re Pitner, supra,* at 448–49.

The case of *Johnson v. Miera (In re Miera),* 926 F.2d 741 (8th Cir.1991), is also instructive. Therein, the underlying assault and battery was an unwanted kiss. At the state court level, a jury returned a verdict against debtor/defendant. In the § 523(a)(6) nondischargeability action, debtor/defendant asserted that the issue tried before the state court did not encompass willful and malicious as required by § 523(a)(6) and, thus, collateral estoppel did not apply. The issue addressed to the jury in the state court was whether defendant's actions constituted "a willful indifference to the rights of [plaintiff]." *Id.* at 742. The court found that the state requirement of "willful indifference to Plaintiff" was the "full and effective equivalent of malice in the § 523(a)(6) sense." *Id.* at 744. In so doing, the court looked at the evidence heard in the state court trial.

Here, the evidence heard in the underlying suit clearly shows a fight occurred. The state court complaint alleged intentional and unjustified conduct. No counterclaim was filed. Justification for Defendant's actions, whether self defense or otherwise, necessarily was put in issue in the state court trial. The judge instructed the jury that "A battery ... is the unjustified, nonconsensual, nonaccidental touching of another." Tr. at p. 319–20. The verdict found in favor of the Plaintiff on such allegations. It is an inescapable conclusion that the factors comprising the § 523(a)(6) element of maliciousness were actually litigated and determined in favor of Plaintiff in the state court action.

Having found that both willfulness and maliciousness were actually litigated and determined in the underlying action, the parties are barred from relitigating those issues here. Collateral estoppel mandates a finding that both those elements exist. As such, the judgment held by the Plaintiff against Defendant is nondischargeable pursuant to § 523(a)(6). Plaintiff's Motion for Summary Judgment is granted.

IT IS SO ORDERED.