In re John R. HENDERSON, Debtor.

Paul Henson, Plaintiff,

v.

John R. Henderson, Defendant.

Bankruptcy No. 01–33161.
Adversary No. 01–3133.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

May 14, 2002.

James J. Fullenkamp, Dayton, OH, for the Plaintiff.

Herbert Creech, Dayton, OH, for the Debtor–Defendant.

### DECISION AND ORDER DETERMINING DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(2)

WILLIAM A. CLARK, Bankruptcy Judge.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The following decision constitutes the court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052(a).

This matter is before the court upon the Complaint Objecting to Discharge Under 11 U.S.C. Sec. 523(a)(2) filed by Plaintiff–Creditor Paul Henson [Adv. Doc. # 1–1] and the Answer filed by Debtor–Defendant John R. Henderson [Adv. Doc. # 4–1]. The matter was heard before the court on April 16, 2002.

### FINDINGS OF FACT

Plaintiff–Creditor Paul Henson ("Henson") filed an adversary complaint against Debtor John R. Henderson ("Debtor") to have a debt determined nondischargeable under 11 U.S.C. § 523(a)(2). [Adv. Doc. # 1–1.] Henson asserts that in 1996 he entered a partnership agreement with the Debtor after the Debtor made willful and fraudulent misrepresentations that induced Henson to extend credit and invest in the operation of the Debtor's business, Sport Stop Athletic Wear. According to the complaint, the amount of money invested by Henson was $49,000.00. *Id.*

At the hearing on Henson's complaint, the Debtor and Henson testified to their conflicting views of the meaning of their partnership agreement and whether Henson's contribution was to be an investment in capital or just a purchase amount that the Debtor could use as he wished. [*See* Hearing Transcript from April 16, 2002 hearing (hereinafter "Tr.").] What is clear from the testimony is that the Debtor accepted money from Henson and deposited at least part of it in his own personal account. [*Tr.,* p. 10.] Regardless of whether Henson's contribution funded its intended use, the business failed.

Significantly, Henson filed a lawsuit against the Debtor in the Montgomery

County Court of Common Pleas to rescind the partnership agreement and recover his capital investment based on the Debtor's alleged fraud. [*Tr.*, p. 41; Plaintiff's Ex. 5] During the discovery phase of the case, the Debtor was represented by an attorney who actively participated in the case on the Debtor's behalf. [See Debtor Exs. A–C.] However, the Debtor's attorney withdrew from the case in November of 2000. [Debtor Ex. C.] The matter was set for trial on February 27, 2001, prior to the Debtor's bankruptcy filing. [*Tr.*, p. 41; Plaintiff Ex. 5.] The Debtor knew of the trial date, but was unrepresented at that time and chose not to appear for the state court trial. [*Tr.*, pp. 41–42.] Consequently, a magistrate decided the case against the Debtor. [*Tr.*, p. 42; Plaintiff Ex. 5.] The decision of the magistrate contains the following language:

> On February 27, 2001, this case came for trial. Upon the evidence presented at trial, the court finds that prior to January 1, 1996, in the City of Dayton, County of Montgomery, State of Ohio, the Defendant, John Henderson [Debtor], made willful and fraudulent misrepresentations to the Plaintiff, Paul Henson, to induce the Plaintiff to enter into a partnership agreement for the operation of Sport Stop Athletic Wear. The court further finds that the Plaintiff relied upon said misrepresentations and as a direct and proximate result of the reliance upon the misrepresentations of the Defendant, executed the partnership agreement and invested the total sum of Forty Nine Thousand Dollars ($49,000.00) into the partnership business.
>
> The court further finds the Defendant inappropriately used partnership assets for personal purposes, and continued to make false representations to the Plaintiff during the time the Plaintiff was actively working in the business. The court finds the Plaintiff did not receive any repayment of the capital contributed into the business, and further, did not receive any compensation or other return of investment from the operations of the business.
>
> In light of the Defendant's misrepresentations, this court ORDERS the alleged partnership agreement dated January 1, 1996, to be rescinded .... The court further finds the Plaintiff is hereby GRANTED JUDGMENT against the Defendants in the amount of FORTY NINE THOUSAND and 00/100 DOLLARS ($49,000.00.)

[Plaintiff's Ex. 5.] The decision was filed on March 6, 2001. No party objected to the magistrate's findings and, thus, his findings, conclusions and decision were adopted by the Montgomery County Court of Common Pleas by judgment entry dated March 23, 2001. *Id.* The Debtor filed his bankruptcy petition on May 4, 2001.

### CONCLUSIONS OF LAW

■ Section 523(a)(2)(A) provides:

a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-

....

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). To prove that a debt should be excepted from discharge on account of fraud under § 523(a)(2)(A), the creditor bears the burden of proving four elements. These elements include:

(1) the debtor obtained money through a material misrepresentation that, at the

time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT & T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280–281 (6th Cir.1998). Each of these elements must be proven by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287–288, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Once a creditor establishes the elements of fraud under § 523(a)(2)(A), all liability arising from the fraud is nondischargeable. *Cohen v. de la Cruz*, 523 U.S. 213, 215, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

In this case, Henson provides a valid judgment in which a state court has already concluded that the Debtor made willful false representations relied on by Henson and that the Debtor's fraudulent conduct was the proximate cause of $49,000.00 in damages to Henson. These findings by the state court would meet the elements of fraud under 11 U.S.C. § 523(a)(2). The question presented to this court is whether the state court decision and its findings should be given preclusive effect in this court and the determination of whether the debt owed to Henson is nondischargeable.

■ Under 28 U.S.C. § 1738, federal courts are directed to give the same "full faith and credit" to a state court judgment as would be given that judgment under the law of the state in which the judgment is rendered. *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir.1997). Even if the judgment is considered a default judgment (because the Debtor did not appear for the trial), the judgment is to be provided preclusive effect to the same extent that Ohio gives default judgments preclusive effect under theories of res judicata or collateral estoppel.

■ Under Ohio law, there are four prerequisites to the application of collateral estoppel:

1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

*Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, (6th Cir. BAP 2002). *See also Buckeye Union Ins. Co. v. New England Ins. Co.*, 87 Ohio St.3d 280, 287, 720 N.E.2d 495, 501 (Ohio 1999) (relying on decision in *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 443 N.E.2d 978 (1983)). It is undisputed that the parties to the prior state court matter are the same parties to this adversary proceeding. Furthermore, the issues of the Debtor's alleged fraud, Henson's reliance and the damages resulting from the fraud are identical to the elements of fraud necessary to meet the elements of nondischargeability under 11 U.S.C. § 523(a)(2). Thus, the only prerequisites left to be met are twofold: 1) whether the parties had a full and fair opportunity to litigate the state court matter prior to the final decision of the magistrate adopted by the common pleas court; and 2) whether the Debtor's fraud and its proximate results can be considered actually litigated when the Debtor did not appear for the trial.

The first issue to determine is whether the Debtor had a full and fair opportunity

to litigate the issues in state court. The Debtor testified at this court's April 16, 2002 hearing that he was aware of the state court trial date, but made the voluntary decision not to appear. [Tr. pp. 41–42.] Although he chose not to appear, the Debtor had a full and fair opportunity to defend himself in state court. Thus, this prerequisite for the application of collateral estoppel is met.

A more difficult issue to determine is whether the issues of the Debtor's fraud and its consequences can be considered actually litigated when the Debtor did not appear for the trial in state court. The Supreme Court of Ohio has not answered whether a default judgment can meet the "actually litigated" prong of the collateral estoppel doctrine and Ohio intermediate courts and federal bankruptcy courts provide conflicting views on the issue. *See e.g., Hinze v. Robinson (In re Robinson),* 242 B.R. 380, 387 (Bankr.N.D.Ohio 1999) (holding that the "actually litigated" prong of the collateral estoppel test is only met with a default judgment under limited circumstances); *Dean v. Rogers (In re Rogers),* 189 B.R. 136, 140 (Bankr.N.D.Ohio 1995) (refusing to apply collateral estoppel to a state court default judgment when the defendant did not actively participate at any level in the state action); *Merkle v. Hodary,* No. C–990223, 2000 WL 145325, at *4 (Ohio Ct.App. February 11, 2000) (noting that collateral estoppel is not consistently applied to default judgments in

Ohio, but deciding to apply the doctrine under the specific facts of the case).[1]

Recently, however, the Bankruptcy Appellate Panel for the Sixth Circuit has addressed the issue and concluded that a default judgment would be given preclusive effect in Ohio if it is the subject of an "express adjudication." *Sweeney,* 276 B.R. 186. The determining issue is whether the judgment includes recitations of findings by a judge and, thus, can be considered a decision on the merits. A default judgment containing no express findings and based solely on an unanswered complaint does not constitute an express adjudication. *Id.* On the other hand, a default judgment containing findings based on evidence submitted by the participating party, constitutes an express adjudication and may be given preclusive effect. *Id.*

In this case, the decision of the magistrate, adopted by the common pleas court, includes a recitation of findings specifying that:

... the Defendant, John Henderson [Debtor], made willful and fraudulent misrepresentations to the Plaintiff, Paul Henson, to induce the Plaintiff to enter into a partnership agreement for the operation of Sport Stop Athletic Wear. The court further finds that the Plaintiff relied upon said misrepresentations and as a direct and proximate result of the reliance upon the misrepresentations of

---

1. The court would note that at one point, the Sixth Circuit appeared to answer the very issue of whether a default judgment should be given preclusive effect. In *Spilman v. Harley,* the Sixth Circuit indicated that if "important issues were not actually litigated in the prior proceeding, as in the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court." 656 F.2d 224, 228 (6th Cir.1981). However, later Sixth Circuit decisions of *Rally Hill Productions, Inc. v. Bursack* and *Bay Area Factors v.*

*Calvert* call into question the bright-line rule created in *Spilman. Bursack,* 65 F.3d 51, 54 (6th Cir.1995); *Calvert,* 105 F.3d 315, 319 (6th Cir.1997). In *Calvert,* the Sixth Circuit suggests that the court in *Spilman* failed to do the necessary analysis under Ohio state law to determine whether Ohio courts would give the default judgment preclusive effect. 105 F.3d at 319. Thus, it would appear that the bright-line test in *Spilman* is no longer viable law.

the Defendant, executed the partnership agreement and invested the total sum of Forty Nine Thousand Dollars ($49,-000.00) into the partnership business.

The court further finds the Defendant inappropriately used partnership assets for personal purposes, and continued to make false representations to the Plaintiff during the time the Plaintiff was actively working in the business. The court finds the Plaintiff did not receive any repayment of the capital contributed into the business, and further, did not receive any compensation or other return of investment from the operations of the business.

[Plaintiff Ex. 5.] These detailed findings support that the magistrate decided the case on the merits based on the evidence submitted by Henson and, thus, the decision constitutes an "express adjudication." Consequently, this court concludes that the issues were "actually litigated" in the state court and the judgment should be given preclusive effect.

### CONCLUSION

The issues of the Debtor's willful misrepresentations, Henson's reliance and the resulting damages were issues actually litigated in the state court after a full and fair opportunity to litigate. Consequently, collateral estoppel applies and the Debtor is precluded from relitigating the issues in this court. Because the issues litigated in state court meet the elements of fraud under 11 U.S.C. § 523(a)(2), the court determines that the debt owed by the Debtor to Plaintiff Henson outlined in the state court judgment is nondischargeable.

**It is so ordered.**