*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*
**File Name: 13b0002n.06**

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: Brian Keith George and Olga George, | ) |
| | ) |
| Debtors. | ) |
| ———————————————— | ) |
| | ) |
| | ) |
| Michael Hogan and Anette Hogan, | )   No. 12-8013 |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| Brian Keith George and Olga George, | ) |
| | ) |
| Appellees. | ) |
| ———————————————— | ) |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 09-50847, Adv. Case No. 09-05065

Argued: November 13, 2012

Decided and Filed: January 11, 2013

Before: EMERSON, McIVOR, and PRESTON Bankruptcy Appellate Panel Judges.

————————————

## COUNSEL

**ARGUED:** Thomas L. Canary, Jr., MAPOTHER & MAPOTHER, P.S.C., Lexington, Kentucky, for Appellants. John E. Davis, DAVIS LAW OFFICE, Lexington, Kentucky, for Appellees.
**BRIEFED:** Thomas L. Canary, Jr., MAPOTHER & MAPOTHER, P.S.C., Lexington, Kentucky, for Appellants. John E. Davis, DAVIS LAW OFFICE, Lexington, Kentucky, for Appellees.

---
**OPINION**
---

**MARCI B. McIVOR**, Chief Bankruptcy Appellate Panel Judge.

Michael Hogan and Anette Hogan ("Appellants") filed an adversary complaint seeking to have a $513,000 debt owed to them by Brian Keith George and Olga George ("Debtors"), declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (a)(6). The Appellants' appeal the bankruptcy court's order court granting partial summary judgment and excepting from discharge for fraud under 11 U.S.C. § 523(a)(2)(A), damages in the amount $171,000. For the reasons that follow, the Panel affirms the bankruptcy court's order.

**STATEMENT OF ISSUE**

The issue presented in this appeal is whether the bankruptcy court erred in determining that $171,000, a portion of the $513,000 in total damages awarded in a Colorado state court judgment, was nondischargeable.

**JURISDICTION AND STANDARD OF REVIEW**

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and a final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order granting summary judgment is a final order. *Buckeye Ret. Co., LLC v. Swega*n (*In re Swegan*), 383 B.R. 646, 649 (B.A.P. 6th Cir. 2008). "A bankruptcy court's judgment determining dischargeability is a final and appealable order." *Cash Am. Fin. Servs., Inc. v. Fox* (*In re Fox*), 370 B.R. 104, 109 (B.A.P. 6th Cir.

2007) (quoting *Hertzel v. Educ. Credit Mgmt. Corp.* (*In re Hertzel*), 329 B.R. 221, 224-25 (B.A.P. 6th Cir. 2005)).

The bankruptcy court's final order granting the Appellants' motion for summary judgment is reviewed *de novo*. *See Int'l Dairy Foods Ass'n v. Boggs*, 622 F.3d 628, 635 (6th Cir. 2010). *De novo* review requires the "appellate court [to determine] the law independently of the trial court's determination." *O'Brien v. Ravenswood Apartments, Ltd.* (*In re Ravenswood Apartments, Ltd.*), 338 B.R. 307, 310 (B.A.P. 6th Cir. 2006).

Determinations of dischargeability under 11 U.S.C. § 523 are conclusions of law reviewed *de novo*. *Ewers v. Cottingham* (*In re Cottingham*), 473 B.R. 703, 705 (B.A.P. 6th Cir. 2012) (citation omitted). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Gen. Elec. Credit Equities v. Brice Rd. Develops., LLC* (*In re Brice Rd. Develops., LLC*), 392 B.R. 274, 278 (B.A.P. 6th Cir. 2008). However, the factual findings underlying the ruling on dischargeability are upheld on appeal unless they are clearly erroneous. *In re Cottingham*, 473 B.R. at 705 (citations omitted); *see also Van Aken v. Van Aken* (*In re Van Aken*), 320 B.R. 620, 622 (B.A.P. 6th Cir. 2005) (dischargeability determinations present mixed questions of law and fact; bankruptcy court's conclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Brice Rd. Develops., LLC*, 392 B.R. at 278 (quoting *Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007)).

**FACTS**

The Appellants commenced a suit against the Debtors and other defendants[1] in the first District Court of Jefferson County, Colorado (Case No. 07 CV 6520) ("Colorado litigation"). The State Court complaint was later amended and included the following claims: (1) Misrepresentation/Fraud in the Inducement; (2) Breach of Contract; (3) Negligent Misrepresentation; and (4) Breach of Statutory Duty; (5) Civil Conspiracy; (6) Bad Faith Violation of the Colorado Consumer Protection Act; and (7) Exemplary Damages (Adv. Case Dkt. #1, Exhibit A, Complaint). Subsequent to the filing of the amended State Court complaint, the Debtors' filed a case under chapter 13. The chapter 13 case was voluntarily dismissed by an order entered on September 12, 2008. After the chapter 13 case was dismissed, the Appellants resumed the Colorado litigation. As summarized by the bankruptcy court, the facts leading to the commencement of the Colorado litigation include:

> [T]he Defendants were the owners of property in Colorado. . . . In December 2005, they listed the property for sale, completing a Seller's Property Disclosure Form ("the Disclosure Form") as part of the process. The Defendants had been involved in prior litigation concerning numerous defects in the construction of the Property, and received a settlement in that regard. None of those proceeds were used to effect repairs on the Property.
>
> In February 2006, the Plaintiffs began negotiating for the purchase of the Property. In the course of the negotiations, the Plaintiffs asked the Defendants about structural defects or issues in regard to the Property and were told there were none. In July 2006, the Plaintiffs entered into a real estate contract to purchase the Property from the Defendants. Prior to the execution of the contract, the Defendants tendered the Disclosure Form to the Plaintiffs; the Disclosure Form was incorporated into and made part of the contract. The Defendants became aware of additional defects in the Property after their execution of the Disclosure Form. In the summer of 2006, they

_____

[1]The other defendants include: (1) Woodside Realty Company (Evergreen) d/b/a Remax Alliance Evergreen; (2) Tupper Briggs, a licensed real estate broker affiliated with Woodside Realty Company; and (3) Alice Carmody, a licensed real estate broker affiliated with Woodside Realty Company.

contracted for repairs to the Property's sewer/septic system, but did not reveal this to the Plaintiffs.

The Plaintiffs and Defendants closed on the sale of the Property on August 31, 2006, and the Plaintiffs took possession of it. Thereafter, the Plaintiffs discovered multiple additional defects involving the sewer/septic system, a retaining wall, flashing under logs and around the deck, the deck foundation, foundation walls, and French drains.

(Adv. Case Dkt. # 34, Memorandum Opinion, pp. 1-2).

These allegations were tried before a jury and a verdict and judgment were entered in the Appellants' favor on the First (Misrepresentation/Fraud in the Inducement), Second (Breach of Contract), Third (Negligent Misrepresentation), and Seventh (Exemplary Damages) claims. As required under Colorado law in civil liability cases with multiple parties, the jury completed a separate special verdict form for each claim included in the complaint. On the claim of fraud, the special verdict form ("Special Verdict form") asks the jury, the following questions:

1. Do you find that the plaintiffs, Michael Hogan and Anette Hogan, are entitled to recover damages from the defendant, Brian George and Olga George, on the plaintiffs' claim of fraud . . . .

ANSWER:_____YES_____

. . .

4. Taking as 100 percent the combined negligence or fault that caused the Plaintiffs' damages, what percentage of the Plaintiffs' damages was caused by the negligence or fault, if any, of each of the Defendants from whom you have found the Plaintiffs is entitled to recover.

. . .

Percentage, if any charged to Defendant,
Brian George:                                              50%

Percentage, if any charged to Defendant,
Olga George:                                              50%

. . .
> State the total amount of Plaintiff's damages . . . caused by the combined negligence or fault of all the parties and the designated nonparties.
>
> ANSWER: $171,000.00

(Adv. Case Dkt. #11, Exhibit 3).

The jury also completed a Jury Inquiry and Response form ("Jury Inquiry form"), which states as follows:

> You have awarded actual damages against the Georges and in favor of the Hogans on more than one claim. Your actual damage awards were $171,000 on the breach of contract claim, $171,000 on the negligent misrepresentation or concealment claim, and *$171,000 on the deceit based on fraud claim*.
>
> . . .
>
> What is the total amount of actual damages suffered by Hogans because of the conduct of the Georges? $513,000.00.

(Adv. Case Dkt. #5, Answer to Complaint, Exhibit 1).

Finally, an Order for Entry of Judgment ("Colorado Judgment") was entered by the Jefferson District Court Judge, Christopher J. Munch, sustaining the jury verdict. The Colorado Judgment avers:

> THIS MATTER having come before the Court for Trial to a Jury of Six, the Jury having rendered its verdicts on Feb. 12. 2009 and the Court having reviewed the verdicts rendered by the Jury does hereby enter Judgment pursuant to C.R.C.P. 58(a) in favor of the Plaintiffs Michael Hogan and Anette Hogan and against the Defendants Brian George and Olga George as follows:
>
> 1. On Plaintiffs' First Claim for Relief - Misrepresentation in the Inducement, on Plaintiffs' Second Claim for Relief - Breach of Contract and on Plaintiffs' Third Claim for Relief - Negligent Misrepresentation judgments in favor of the Plaintiffs Michael Hogan and Anette Hogan and against the Defendants Brian George and Olga George jointly and

6

severally for actual damages of $513,000 hereby enter. The judgments entered on each claim for relief herein are in the alternative. Pursuant to the verdict of the Jury total actual damages awarded to the Plaintiffs are $513,000.00. The judgments entered hereby shall bear interest at the statutory rate from and after August 31, 2006.

2. On Plaintiffs' Seventh Claim for Relief - Exemplary Damages judgment in favor of the Plaintiffs Michael and Anette Hogan and against Defendant Brian George for exemplary/punitive damages of $93,500.00 hereby enters. The judgment entered hereby shall bear interest at the statutory rate from and after Feb. 12, 2009.

3. On Plaintiffs' Seventh Claim for Relief - Exemplary Damages judgment in favor of the Plaintiffs Michael and Anette Hogan and against the Defendant Olga George for exemplary/punitive damages of $93,500.00 hereby enters. The judgment entered hereby shall bear interest at the statutory rate from and after Feb. 12, 2009.

(Adv. Case Dkt. #1, Exhibit B, Order for Entry of Judgment). The Colorado Judgment was not appealed.

On March 23, 2009, Brian Keith George and Olga George filed a petition for relief under chapter 11 of the Bankruptcy Code, which was subsequently converted to a case under chapter 7 on October 21, 2009. The bankruptcy case was assigned to Judge William S. Howard.

On April 28, 2009, the Appellants filed an adversary complaint seeking to have the $513,000 debt owed to them by the Debtors based upon a Colorado State Court Judgment, declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (a)(6) (Adv. Case No. 09-05065).

On August 26, 2009, the Appellants moved for summary judgment on their complaint. The Appellants argued that all the elements necessary to prove their claims for fraud and negligent

misrepresentation under 11 U.S.C. § 523(a)(2)(A), and for willful and malicious injury to property under § 523(a)(6), were actually litigated and determined by the jury in the Colorado litigation. The Appellants argued, therefore, that the Amended Complaint, the jury instructions, verdicts and State Court Judgment provide a basis for finding the Colorado Judgment nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6).

On November 12, 2009, the bankruptcy court issued a memorandum opinion and order granting summary judgment on the Appellants' claim under § 523(a)(2)(A), but denying summary judgment on the Appellants' claim under § 523(a)(6). Although the Colorado litigation resulted in a judgment totaling $513,000, the bankruptcy court only awarded summary judgment on the Appellants claim for damages of $171,000 and for punitive damages in the amount of $187,000, based on their claim for fraud under § 523(a)(2)(A). The bankruptcy court considered all the elements of fraud under Colorado law and found that these elements satisfied the requirements for determining nondischargeability under § 523(a)(2)(A).

The bankruptcy court, however, concluded that there were genuine issues of fact that precluded a finding of summary judgment on Appellants' claim for willful and malicious injury to property under § 523(a)(6). The bankruptcy court reasoned that summary judgment could not be granted because the Appellants had failed to show that the debt set forth in the Colorado Judgment was based on an injury that was *both* willful and malicious. The bankruptcy court examined the jury instructions and pointed out that the jury in the Colorado litigation had been asked to determine whether the injury to the Appellants was either willful or malicious, but not both, as required under § 523(a)(6). *See Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 464 (6th Cir. 1999). Therefore, the bankruptcy court held that the Colorado Judgment does not have preclusive effect on the issue of willful and malicious conduct.

The bankruptcy court also denied summary judgment on the Appellants' claim for negligent misrepresentation under § 523(a)(2)(A) because this section of the Bankruptcy Code does not include a cause of action for negligent misrepresentation. "In order to demonstrate that a debt is

8

nondischargeable under that section, it must have been incurred by means of 'false pretenses, a false representation, or actual fraud.'" (Adv. Case Dkt. #40). Therefore, the bankruptcy court held that the Colorado Judgment does not have preclusive effect on the issue of negligent misrepresentation.

The Appellants filed a motion to reconsider the bankruptcy court's order, and the Debtors filed a response. The bankruptcy court issued a memorandum opinion denying Appellants' motion to reconsider.

After the bankruptcy court's denial of the Appellants' motion to reconsider, the Appellants filed an appeal from the bankruptcy court's order granting partial summary judgment (BAP Case No. 10-8002). On May 18, 2011, the Bankruptcy Appellate Panel held that it lacked jurisdiction to hear the appeal under 28 U.S.C. § 158(1), because the order granting partial summary judgment was not a final, appealable order. Specifically, the Bankruptcy Appellate Panel held that summary judgment had only been granted on one theory of Appellants' complaint and "the remaining claims against the Debtors were neither dismissed nor otherwise resolved. Thus, the decision the Appellants seek to appeal is not final." *Id*. As a result, the Bankruptcy Appellate Panel dismissed the appeal and remanded the case back to the bankruptcy court.

Upon remand of the case to the bankruptcy court, a new bankruptcy judge, Judge Tracey N. Wise, was assigned to hear the remaining issues in the Debtors' case. On July 12, 2011, the Appellants filed a "Motion for Summary Judgment to Fix Damages" associated with the bankruptcy court's prior finding on the fraud claim. The motion sought a judgment declaring nondischargeable the entire amount owed to them by the Colorado Judgment. On September 7, 2011, the court held a hearing on the Appellants' motion for summary judgment. At the hearing, the parties agreed to brief the issues of whether attorneys fees and costs awarded to Appellants in the Colorado litigation and/or attorneys fees incurred by the Appellants in pursuit of the adversary proceeding are excepted from discharge under § 523(a)(2)(A). The Appellants also waived their right to a trial on the remaining issues regarding the dischargeability of the negligent misrepresentation claim under § 523(a)(2)(A) and the willful and malicious injury claim under § 523(a)(6).

On September 14, 2011, the Appellants filed a formal waiver as requested by the bankruptcy court. The Appellants also filed a Statement of Attorney Fees and Costs, Joint Stipulations of Fact, and briefs on the issue regarding attorney fees and costs.

On February 1, 2011, the bankruptcy court entered a memorandum opinion denying the Appellants' motion for summary judgment. The opinion also held that the debt due the Appellants for attorneys fees and costs was excepted from discharge. The bankruptcy court held that the Appellants' motion for summary judgment "is merely an untimely Motion to Reconsider," and declined to revisit or alter the issues previously decided by Judge Howard. The bankruptcy court noted that the Appellants had waived their remaining causes of action rather than proceed to trial, leaving only the issues regarding attorneys fees and costs. The bankruptcy court determined that the attorneys fees and costs awarded to the Appellants in the Colorado litigation in the amounts of $96,083.50 and $56,287.90, and attorneys fees and costs incurred in prosecuting the adversary proceeding in the amount of $10,458 and $250, were excepted from discharge under § 523(a)(2)(A).

On March 21, 2012, the bankruptcy court issued an order altering and amending the judgment making the same a final adjudication. The bankruptcy court further ordered that the claims in Appellants' original complaint that had been waived be dismissed with prejudice.

The Appellants filed a notice of appeal in which they challenge the bankruptcy court's holding in the original judgment that the "debt to the Plaintiffs for damages in the amount of $171,000.00 awarded on their claim for fraud is nondischargeable." (Adv. Case Dkt. #92). No appeal was taken from the bankruptcy court's award of attorneys fees and costs.

## DISCUSSION

Pursuant to 11 U.S.C. § 523(a)(2)(A),

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt -

10

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by-
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . .

A creditor seeking an exception to discharge under § 523(a)(2)(A) must sustain its burden by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654 (1991).

The doctrine of collateral estoppel applies in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, n.11, 111 S. Ct. 654, 658, n.11 (1991); *Bay Area Factors v. Calvert (In re Calvert),* 105 F.3d 315 (6th Cir. 1997). The doctrine of collateral estoppel prevents an issue from being relitigated where the issue of fact or law was actually litigated and necessarily decided in a prior action between the same parties. *In re Markowitz*, 190 F.3d at 461. The bankruptcy court must make its own determination regarding the dischargeability of the debt, but that determination may be governed by factual issues which were actually and necessarily decided by the state court. *Vogel v. Kalita* (*In re Kalita*), 202 B.R. 889, 894 (Bankr. W.D. Mich. 1996). The bankruptcy court must give a state court judgment the same preclusive effect that judgment would have in state court unless the Full Faith and Credit Statute, 28 U.S.C. § 1738, provides an exception. *In re Calvert*, 105 F.3d at 317.

The bankruptcy court in the instant appeal found that the state court judgment is entitled to full faith and credit on the Appellants' claim for fraud under § 523(a)(2)(A) and damages resulting from Debtors' fraud. The bankruptcy court analyzed the factors used by Colorado courts[2] when

---

[2]Colorado courts apply the following factors to determine whether the doctrine of collateral estoppel applies:

(1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with, a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

applying the doctrine of collateral estoppel and held that all the factors were present, namely: (1) the issues of actual fraud and damages considered by the bankruptcy court are identical to the issues of fraud and damages determined in the Colorado litigation; (2) the parties in the bankruptcy court proceeding are the same parties in the Colorado litigation; (3) there was a valid and final judgment on the merits of the fraud claim and damages; and (4) the Debtors had a full and fair opportunity to litigate the issues of fraud and damages in the proceeding in Colorado. The bankruptcy court, therefore, found that the Appellants were entitled to judgment as a matter of law on the allegations of their complaint regarding fraud and resulting damages.

The Appellants do not challenge the bankruptcy court's determination that the elements of fraud established in the Colorado litigation are sufficient to establish fraud under § 523(a)(2)(A). Instead, the Appellants challenge the bankruptcy court's holding that $171,000, rather than the entire judgment amount of $513,000 awarded in the Colorado litigation, was nondischargeable due to fraud. In reviewing the bankruptcy court's determination that only a portion of the damages awarded in the Colorado litigation, are nondischargeable under § 523(a)(2)(A), the appellate court applies the clearly erroneous standard. Pursuant to the clearly erroneous standard, the Panel must give deference to the bankruptcy court as the finder of fact. *Sicherman v. Diamoncut, Inc.* (*In re Sol Bergman Estate Jewelers, Inc.*), 225 B.R. 896, 904 (B.A.P. 6th Cir. 1998). The bankruptcy court is in the best position to assess the evidence presented. *Kaye v. Agripool, SRL* (*In re Murray, Inc.*), 392 B.R. 288, 297 (B.A.P. 6th Cir. 2008). The Supreme Court has explained the clearly erroneous standard:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

> Such deference to the trial court is necessary because the trial judge is in the best position to determine the credibility of witnesses.

*Huffman v. Westmoreland Coal Co.,* 205 P.3d 501, 506 (Colo. App. 2009) (quoting *Tonko v. Mallow* (*In re Tonko*), 154 P.3d 397, 405 (Colo. 2007)).

*Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1165-66 (6th Cir. 1996) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573-75, 105 S. Ct. 1504, 1511-12 (1985)).

The record in the bankruptcy court supports the court's conclusion that the Appellants are entitled to damages of $171,000 for fraud under § 523(a)(2)(A), and not the entire $513,000 awarded under the Colorado Judgment. When determining the collateral estoppel effect of a state court judgment in dischargeability proceedings, the bankruptcy court must consider the entire state court record, not just the judgment. *Spilman v. Harley*, 656 F. 2d 224, 228 (6th Cir. 1981). The language of the Special Verdict form, the Jury Inquiry form, and the Colorado Judgment establish that the jury awarded the Appellants damages against both Debtors, in the amount of $171,000 for fraud, $171,000 for breach of contract, and $171,000 for negligent misrepresentation, for a total of $513,000 in damages. Specifically, the Special Verdict form states that the damages on the fraud claim are "$171,000.00."

The Jury Inquiry form also affirms that separate damages awarded were awarded by the jury on each of the Appellants' causes of action. The Jury Inquiry form reads: "[your] actual awards were $171,000 on the breach of contract claim, $171,000 on the negligent misrepresentation or concealment claim, and *$171,000 on the deceit based on fraud claim*." (Emphasis added.) The Jury Inquiry form then asks the jury what *total* amount of actual damages were suffered by the Appellants. The amount provided by the jury in the special verdict form is "$513,000.00."

Finally, the language of the Colorado Judgment corroborates the total amount of damages awarded by the jury stating that "[p]ursuant to the verdict of the Jury *total* actual damages awarded to the Plaintiffs are $513,000.00." While the Colorado Judgment does not break down the amount awarded under each claim, this fact alone does not support the conclusion that the court was awarding $513,000 on each claim, as argued by the Appellants.

13

The Appellants' extensive discussion of Colorado law and cases are not applicable to the issue before the Panel. The question is not one of Colorado law, but of whether the facts presented by the parties before the bankruptcy court support the bankruptcy court's holding limiting the amount of damages that are nondischargeable to $171,000. Upon a review of all the evidence presented including the Colorado Judgment, the Special Verdict form, and the Jury Inquiry form, the Panel affirms the decision of the bankruptcy court regarding the amount of damages that are nondischargeable.

## CONCLUSION

For the foregoing reasons, the Panel affirms the decision of the bankruptcy court.